UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CORNELIUS RATLIFF, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DUSHAN ZATECKY, )<br>)<br>Respondent. ) | No. 1:19-cv-04701-SEB-MPB |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Cornelius Ratliff's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case ISR 19-06-0110. For the reasons explained in this Entry, Mr. Ratliff's petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

ISR 19-06-010 began with the following conduct report, written June 11, 2019, by Sergeant J. Corey:

> On 6-10-19 at approximately 9:52 pm, I, Sgt. J. Corey conducted a shakedown on Offender Ratliff, Cornelious [sic] IDOC 254410 K5-1-9U when I found 2 Brown papers and three thin white strips with Controlled Substance on them.

Dkt. 7-1. The time of the shakedown is noted in two locations on the conduct report. In both locations, "8:10" is crossed out and replaced with "9:52." *Id.* An evidence record also documents that the items described in the conduct report were confiscated from Mr. Ratliff's bunk at 8:10 P.M. Dkt. 7-2.

On June 12, 2019, Mr. Ratliff received notice that he was charged with violating Code 202 by possessing a controlled substance. Dkt. 7-3. Mr. Ratliff requested video of the search. *Id.*

On June 25, 2019, Lieutenant Breen reviewed security video of the area where the search took place. Dkt. 7-5. Lieutenant Breen determined that allowing Mr. Ratliff to view the video would jeopardize prison safety and security, so he prepared a written summary. *Id.* The summary states that Lieutenant Breen watched video from 7:30–8:30 P.M. on the date of the search and did not observe Sergeant Corey on the screen. *Id.*

On July 9, 2019, Officer C. Cooke completed a second video review. Dkt. 7-6. Officer Cooke again determined that allowing Mr. Ratliff to view the video would jeopardize safety and security. *Id.* Officer Cooke prepared the following typewritten summary:

> 9:52 pm E-squad arrive on the unit and immediately rush the offender bed areas. Sgt Corey arrives at the bed area of Ratliff, Cornelius 254410 K5-1-9U. Offender is attempting to climb his bunk, but is stopped and restrained. Offender is walked off the area at 9:52:58. Offenders Bunk mate sits with his hands on his knees on his bunk until he is restrained and removed from the area at 9:53:32
>
> Sgt Corey begins shaking down the area of K5-1-9U. Going through his sheets, under mattress, all of his clothing and Jacket.

> 10:00:46 Sgt Corey stops her search and begins showing another e-squad member something she has found. The article is small.
>
> 10:02:46 Another E-Squad member approaches and Sgt Corey shows this member what she has found as well.
>
> 10:03 pm Sgt Corey walks out of the bed area and has completed the shakedown of offender.
>
> There is no audio to this video.

*Id.* A handwritten notation at the bottom of the document states:

> 9:52 AM A white offender removes the covers from himself + swings his legs over side. Ratliff is sitting in a chair
>
> Please note the time correction on this case.

*Id.*

ISR 19-06-0110 proceeded to a disciplinary hearing on July 16, 2019. Dkt. 7-7. Officer Cooke presided over the hearing. *Id.* According to Officer Cooke's report, Mr. Ratliff made the following statement in his defense:

> I do not live on top bunk. Never have. 7-22-19 Lt. Ernest allowed us to swap bunks.
>
> I was laying on bottom bunk when Lt came in.

*Id.* After the hearing, Lieutenant Ernest provided an e-mail stating that he did not authorize Mr. Ratliff to change bunks before the June 10 shakedown. Dkt. 7-12.

Officer Cooke found Mr. Ratliff guilty and provided the following explanation:

> Conduct time was corrected. Offender was assigned to top bunk, where substance was found. Lt. Ernest refused to defend offender + states never allowed to move. Video shows Sgt Corey finding substance on top bunk

Dkt. 7-7. He assessed sanctions, including a loss of earned credit time. *Id.*

Mr. Ratliff appealed his disciplinary conviction to the facility head on August 4, 2019, and raised two arguments. Dkt. 7-13. First, Mr. Ratliff argued that the "'original' Conduct Report is inconsistent with the facts alleged within its four corners." *Id.* Second, Mr. Ratliff argued that the

prison staff violated Indiana Department of Correction (IDOC) policy by revising the time on the conduct report and then reviewing the video from that time. *Id.* The facility head denied that appeal. *Id.*

Mr. Ratliff appealed his disciplinary conviction to the IDOC's reviewing authority on August 29, 2019. Dkt. 7-14 at 2. Mr. Ratliff raised the same arguments he presented to the facility head and added that he was granted relief in a related disciplinary case and therefore the same result should apply to ISR 19-06-0110. *Id.* This appeal was also denied. Dkt. 7-15.

### III. Analysis

Mr. Ratliff's habeas petition centers on the facts that Officer Cooke completed the second video review and changed the offense time on the conduct report without notifying him. Mr. Ratliff argues that these actions deprived him of his right to advance notice of his charge and his right to present evidence in his defense. In short, Mr. Ratliff asserts that the first video summary enticed him to defend his charge on grounds that the search described in the conduct report never happened. If he had received an accurate conduct report and video summary before the hearing, he argues, he would have presented a better defense at the hearing.

**A.    Notice**

Due process requires that an inmate be given advance "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted). Due process permits the prison staff to later modify the inmate's charge—but only if the original notice included "all the information he needed to defend against the [amended] charge." *Northern*, 326 F3d. at 911.

Mr. Ratliff received adequate notice of his charge. At screening, Mr. Ratliff was notified of the charge against him and all the information he needed to defend it: Sergeant Corey searched his bunk, found a controlled substance, and charged him with violating Code 202 as a result.

Mr. Ratliff bases his argument on defects in the conduct report and the first video summary—not deficiencies in the notice he received. But the second video summary documents—and Mr. Ratliff does not dispute—that he was present when the search began. Mr. Ratliff knew his bunk was searched regardless of what the video summary described.

Regardless of its inaccurate statement of the time, Mr. Ratliff knew enough from the conduct report to argue in his defense that the items found were not controlled substances or that he did not possess them. He chose instead to rely on the defense that the search never happened, which he knew was untrue. Mr. Ratliff's defense was the product of a poor choice—not insufficient notice.

**B.     Denial of Evidence**

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008).

Mr. Ratliff's denial-of-evidence argument fails because he does not identify any portion of the second video summary that is exculpatory. Mr. Ratliff again argues that, had he received the second video summary before the hearing, he would not have relied on the defense that the search never took place. However, nothing in the second video summary undermines or contradicts

Officer Cooke's conclusion that a controlled substance was found in Mr. Ratliff's bed, and Mr. Ratliff does not argue otherwise.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Ratliff's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Ratliff's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

    IT IS SO ORDERED.

Date:  10/27/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CORNELIUS RATLIFF
254410
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov

Abigail T. Rom
INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov